(100 App. Div. 207)

### WHITE v. HILL et al.

(Supreme Court, Appellate Division, Fourth Department.　January 4, 1905.)

1. TAXATION—LEASES—COMPLIANCE WITH LAW—PRESUMPTION.

Where it was necessary to the validity of a tax lease that the tax roll for the year for which the taxes were unpaid should have attached thereto a tax warrant and an assessor's affidavit, and in ejectment by the holder of the lease no tax warrant nor affidavit was attached to the rolls introduced in evidence, it would not be presumed, from the fact that the rolls had been bound since they were deposited in the office where they were kept, that the required affidavit and warrant were attached when the rolls were filed.

Appeal from Special Term, Monroe County.

Action by Joseph E. White against Caroline B. Hill and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Southerland & Otis, for appellant.
Wellington, Jones & Millard, for respondent Wilcox.
Charles M. Williams, for respondents Livingston.

STOVER, J. This is an action of ejectment, the plaintiff claiming under a lease executed by the mayor of the city of Rochester, based upon a tax sale by the city in 1876 for the general city tax of 1875. The trial court has found that the premises in question have been in the possession and control of the defendants since 1883, and that no evidence was given showing any attempt to obtain possession by the plaintiff or his predecessors in title. The value of the premises is found to be $2,200. The tax for which the premises were sold and the lease to plaintiff granted amounted to $33.84. The trial court found that the record showed that no warrant was attached to the general city tax roll for the year 1875, that no seal was attached to said roll, and no assessors' affidavit was attached thereto. He also found that there was no proof of the service of notice to redeem under the 1875 city tax, there being no such notices on file for any tax previous to 1890. The trial court found as conclusions of law: "That the lease issued on the said 1875 tax is void, because the proceedings were so defective that the mayor acquired no jurisdiction to issue the lease."

It is not questioned on this appeal that it was necessary that the tax roll should have attached thereto a tax warrant and the assessors' affidavit. Upon the trial of this action the rolls were introduced in evidence, but there was neither tax warrant nor affidavit of assessors attached thereto; but some proof was given that the rolls had been bound since they were deposited in the office where they belonged, and it is contended that this is a sufficient explanation of the absence of the necessary warrant and affidavit to uphold the tax deed, and that there is a presumption that officials have performed such acts as the law requires of them, and therefore proof must be forthcoming to overturn this presumption, and, in the absence of such proof, the presumption now obtains that at the time the rolls were filed they had the necessary affidavit and warrant attached thereto. We do not think that this contention is correct. In the absence of any proof whatever, there may be a presumption that officials required by law to perform certain acts have performed those acts; but when we go a step further, and, as in this case, where the identical roll which it is said must be presumed to have a warrant attached is produced, and it appears from the inspection that the warrant and affidavit are not attached, it becomes, not a question of presumption, but of proof; and whatever inferences are to be drawn, in the first instance at least, are to be drawn by the trial court. The most, we think, that can be said of this situation is that it raises a question of fact. The presumption to be indulged in is what? That the rolls have the warrant attached, because the officers have performed

their duty. If this be controlling in this case, presumption becomes stronger than proof, and inference entitled to greater weight than absolute testimony; for, in order to sustain the plaintiff's contention here, we must not only indulge in a presumption that the officials have performed their duty by attaching the warrant and affidavit to the rolls, but the further presumption that the official who is made the custodian of the rolls has not only failed to perform his duty, but has absolutely been guilty of malfeasance by destroying the affidavit and warrant properly attached to the roll, and which it was his duty to keep intact. We think we go as far as the situation warrants when we say that a question of fact was raised for the determination of the trial court; for, if we go further, and apply the rule which the plaintiff invokes to other phases of the case, the presumption would be just as strong that the officials who had charge of the rolls had not been derelict in their duty, and had not detached any portion of the paper or document which it was their duty to retain control of. So that, indulging in the presumptions and proofs, the trial court, whether reaching the same conclusion that we might or not, was justified in finding that there was no warrant or affidavit attached to the roll, and that, therefore, the mayor never acquired jurisdiction to execute the lease under which the plaintiff claims.

We do not deem it necessary to examine the further questions in this case, namely, that of the statute of limitations, and the validity of the defendants' deed, for the plaintiff, if entitled to recover, must recover upon the strength of his own title, and not upon the weakness of the defendants'. The questions are purely those of law, no equities existing in favor of plaintiff, and such equities as may be said to exist being entirely in favor of the defendants.

If our conclusions as above stated are correct, plaintiff had no legal title to the premises, the judgment of the trial term was right, and should be affirmed.

Judgment affirmed, with costs. All concur.